# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| H&R BLOCK INC.; HRB DIGITAL LLC; HRB TAX GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAY L. HIMES, IN HIS OFFICIAL CAPACITY AS FEDERAL TRADE COMMISSION ADMINISTRATIVE LAW JUDGE; LINA M. KHAN, REBECCA KELLY SLAUGHTER, ALVARO M. BEDOYA, ANDREW N. FERGUSON, AND MELISSA HOLYOAK, IN THEIR OFFICIAL CAPACITIES AS FEDERAL TRADE COMMISSIONERS; UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. |

## COMPLAINT

1. H&R Block Inc., HRB Digital LLC, and HRB Tax Group, Inc. (collectively, H&R Block) bring this action to stop the conduct of a federal administrative proceeding by an administrative law judge (ALJ) who is unconstitutionally shielded from the President's supervision.

2. The Federal Trade Commission has begun a proceeding against H&R Block to adjudicate an administrative complaint challenging certain business practices as unfair or deceptive under the Federal Trade Commission Act. ALJ Himes, who has been designated to conduct the proceeding, is a subordinate executive officer whom the FTC's Commissioners may not remove except "for good cause as established and determined by the Merit Systems Protection

Board." 5 U.S.C. § 7521(a). Both MSPB members and the FTC Commissioners, in turn, may not be removed by the President except "for inefficiency, neglect of duty, or malfeasance in office." *Id.* § 1202(d); 15 U.S.C. § 41; *Humphrey's Executor v. United States*, 295 U.S. 602, 619, 632 (1935).

3. Under Supreme Court precedent, this scheme violates the Constitution. Article II vests the "entire" power to execute federal law in the President "alone." *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2197 (2020). Wielding that power means that the President must have "authority to remove those who assist him" in his task. *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 513-14 (2010). The "general rule" is that the President has "unrestricted removal power" over inferior officers. *Seila Law*, 140 S. Ct. at 2198.

4. That rule is subject to just one narrow exception: Congress may impose modest removal protections on inferior officers "with limited duties and no policymaking or administrative authority." *Id.* at 2198-2200. The Supreme Court has invalidated a scheme that fell outside this exception because there were two levels of removal protection: certain inferior officers had good-cause removal protection, and the principal officers that could remove the inferior officers also were viewed as being protected from removal. *See Free Enter. Fund*, 561 U.S. at 484, 495. Indeed, the Fifth Circuit recently held unconstitutional the SEC's ALJ scheme—which is the same as the FTC's ALJ scheme—on just this ground. *See Jarkesy v. SEC*, 34 F.4th 446, 463-65 (5th Cir. 2022), *cert. granted*, No. 22-859 (U.S.).

5. Here, as in *Free Enterprise Fund* and *Jarkesy*, FTC ALJs are unconstitutionally insulated from presidential control by multiple levels of removal protection. Moreover, even setting aside the removal protections conferred on the MSPB and the FTC, the removal protections

-2-

for ALJs alone go too far, as ALJs hold continuing offices with wide-ranging duties, not temporary or minor positions. They thus fall outside the Supreme Court's narrow exception.

6. The remedy for this unconstitutional scheme is to enjoin the ALJ's participation in the FTC adjudication. "The substantial independence that [statutory] removal protections provide to administrative law judges is a central part of the [statute's] overall scheme." *Lucia v. SEC*, 585 U.S. 237, 260 (2018) (Breyer, J., concurring in the judgment in part); *see Ramspeck v. Fed. Trial Examiners Conf.*, 345 U.S. 128, 130-32 (1953).

7. As a result, severing the removal protections of either ALJs or the MSPB would be "rewrit[ing] [the] statute" to "give it an effect altogether different from that sought by the measure viewed as a whole." *Murphy v. NCAA*, 584 U.S. 453, 481-82 (2018). (As for the FTC Commissioners' removal protection, severing that alone would not solve the problem, and regardless, this Court may not sever that provision because the Supreme Court's decision in *Humphrey's Executor* upholding it remains binding precedent.) Instead, this Court should hold that FTC ALJs' removal restrictions are nonseverable and that FTC ALJs therefore lack the constitutional authority to act. *Cf. Collins v. Yellen*, 141 S. Ct. 1761, 1788 & n.23 (2021).

8. The Supreme Court recently made clear that federal courts can and should adjudicate claims like this one without waiting for the agency proceedings to conclude. The unconstitutional proceedings themselves impose a "here-and-now injury" that "cannot be undone" after they have concluded. *Axon Enter., Inc. v. FTC*, 143 S. Ct. 890, 903-04 (2023).

## THE PARTIES

9. Plaintiff H&R Block, Inc. is a Missouri corporation with its principal place of business in Kansas City, Missouri.

10. Plaintiff HRB Digital LLC is a Delaware limited-liability company with its principal place of business in Kansas City, Missouri.

11. Plaintiff HRB Tax Group, Inc. is a Missouri corporation with its principal place of business in Kansas City, Missouri.

12. Defendant Jay L. Himes is an ALJ within the FTC Office of Administrative Law Judges. He is sued in his official capacity.

13. Defendant Lina M. Khan is an FTC Commissioner, who currently serves as the Chair of the FTC. She is sued in her official capacity.

14. Defendant Rebecca Kelly Slaughter is an FTC Commissioner. She is sued in her official capacity.

15. Defendant Alvaro M. Bedoya is an FTC Commissioner. He is sued in his official capacity.

16. Defendant Andrew N. Ferguson is an FTC Commissioner. He is sued in his official capacity.

17. Defendant Melissa Holyoak is an FTC Commissioner. She is sued in her official capacity.

18. The United States of America is named in accordance with 5 U.S.C. § 702. This is an action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer thereof acted or failed to act in an official capacity or under color of legal authority.

**JURISDICTION AND VENUE**

19. As this action arises under the Constitution and laws of the United States and seeks relief against the United States, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331,

1346(a)(2). *See Axon*, 598 U.S. at 185-96. H&R Block has a cause of action to sue for equitable relief, *see, e.g.*, *Free Enter. Fund*, 561 U.S. at 491 n.2; *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015), and for declaratory relief, *see* 28 U.S.C. § 2201. The United States has waived its sovereign immunity from this suit in 5 U.S.C. § 702. The *Larson-Dugan* exception to sovereign immunity for prospective relief against unconstitutional conduct by federal officers also applies here. *See, e.g.*, *Johnson v. Mathews*, 539 F.2d 1111, 1124 (8th Cir. 1976).

20. Venue is proper in this district under 28 U.S.C. § 1391(e)(1), which applies because Defendants are the United States and officers of an agency of the United States, acting in their official capacity. Venue is proper under § 1391(e)(1)(C) because each Plaintiff resides in this district and no real property is involved in this action.

## BACKGROUND

21. Section 5(a) of the Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). When the FTC has reason to believe that a person is violating that prohibition, it has statutory authority to issue an administrative complaint, conduct an adjudication of the charges, and order that the person charged cease and desist from any violations found. *Id.* § 45(b); *see also* 5 U.S.C. § 556(b)(1), 557(b).

22. In such adjudications, the FTC has delegated authority to ALJs to take evidence and make initial findings of fact and conclusions of law. *See* 5 U.S.C. §§ 556(b)(3), 557(b); 16 C.F.R. § 0.14.

23. On February 23, 2024, the FTC issued an administrative complaint charging H&R Block with committing unfair or deceptive acts or practices in connection with the design and advertising of certain online tax-preparation products. *See In re H&R Block Inc. et al.*, No. 9427, https://www.ftc.gov/legal-library/browse/cases-proceedings/hr-block-matter.

24. On March 12, 2024, H&R Block timely answered the administrative complaint, denying all of the FTC's claims.

25. The administrative complaint set a hearing before an ALJ for October 23, 2024.

26. On March 12, 2024, an order was issued designating ALJ Himes to take testimony and receive evidence in the proceeding and to perform all other duties authorized by law.

27. The FTC may not remove ALJs from their positions except "for good cause established and determined by the Merit Systems Protection Board." 5 U.S.C. § 7521(a). The President, in turn, may remove MSPB Members "only for inefficiency, neglect of duty, or malfeasance in office." *Id.* § 1202(d). FTC Commissioners are also removable by the President only for those enumerated causes. 15 U.S.C. § 41.

28. As the parties litigate the administrative complaint's allegations, ALJ Himes will exercise powers akin to those of a federal district judge. *See* 16 C.F.R. Part 3. Among other things, he will exercise broad supervisory powers over pre-hearing discovery and the formation of the evidentiary record, and he will make initial findings of fact and conclusions of law.

## CLAIM FOR RELIEF

29. H&R Block repeats and realleges each allegation in paragraphs 1-28 above as if fully set forth here.

30. ALJ Himes and all other FTC ALJs are inferior executive officers of the United States.

31. ALJ Himes and all other FTC ALJs are insulated from removal by the President, pursuant to 5 U.S.C. § 7521(a), 5 U.S.C. § 1202(d), and 15 U.S.C. § 41, in violation of Article II of the Constitution of the United States.

32. It would be contrary to congressional intent to sever either the ALJs' removal protection in § 7521(a) or the MSPB's removal protection in § 1202(d). And severing the FTC's removal protection in § 41 would neither solve the problem nor be consistent with the Supreme Court's decision in *Humphrey's Executor*.

33. As a result, ALJ Himes and all other FTC ALJs lack the constitutional authority to conduct the FTC adjudication pending against H&R Block.

## PRAYER FOR RELIEF

WHEREFORE, H&R Block respectfully requests and prays for judgment against Defendants as follows:

(1) Permanent and preliminary injunctive relief enjoining Defendants from conducting the FTC adjudication pending against H&R Block using an ALJ;

(2) A declaratory judgment that Defendants may not conduct the FTC adjudication pending against H&R Block using an ALJ;

(3) Such other and further relief as this Court may deem just and proper, including, but not limited to, reasonable fees and costs.

DATED: March 20, 2024              Respectfully submitted,

                                   By: */s/ Stacey R. Gilman*
                                       Stacey R. Gilman (MO Bar #55690)
                                       BERKOWITZ OLIVER LLP
                                       2600 Grand Boulevard Suite 1200
                                       Kansas City, Missouri 64108
                                       Telephone: (816) 561-7007
                                       Facsimile: (816) 561-1888
                                       sgilman@berkowitzoliver.com

Hashim M. Mooppan *(pro hac vice forthcoming)*
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
(202) 879-3939
hmmooppan@jonesday.com

***Attorneys for Plaintiffs H&R Block Inc.;
HRB Digital LLC; HRB Tax Group, Inc.***

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March 2024, the above and foregoing was filed on the Court's ECF system and, consistent with FRCP 4(i), caused the same to be served to the following by registered or certified mail to:

Office of Administrative Law Judges
Federal Trade Commission
600 Pennsylvania Ave, NW
Washington, DC 22580

Office of the Secretary
Federal Trade Commission
600 Pennsylvania Ave, NW
Washington, DC 22580

U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530

Civil Process Clerk, U.S. Attorney's Office for Western District of Missouri
400 E. 9th Street, Room 5510
Kansas City, MO 64106

*/s/ Stacey R. Gilman*
***Attorney for Plaintiffs H&R Block Inc.;
HRB Digital LLC; HRB Tax Group, Inc.***